**Mohsen SALARI, Petitioner,**

v.

**John ASHCROFT, Attorney General; et al., Respondents.**

No. 93–70744.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 13, 2004.

Submitted Nov. 2, 2004.

Decided Nov. 22, 2004.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Norah Ascoli Schwarz, Esq., Mary Jane Candaux, Esq., U.S. Department of Justice, Office of

Immigration Lit., Washington, DC, for Respondents.

Before: CANBY, REINHARDT, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Mohsen Salari, a native and citizen of Iran, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal.

■ Salari testified that because he abandoned the Muslim faith and joined a minority religion, he was persecuted by the Iranian government in the past and has a well-founded fear of future persecution. The government asserts that the BIA treated Salari's testimony as credible and based its argument before us on that assumption. We take the government's case as it is presented to us. Accordingly, we accept Salari's testimony as true, and we hold that he has established a well-founded fear of future persecution.

In order to qualify for asylum on the basis of fear of future persecution, Salari's "fear of persecution must be both subjectively genuine and objectively reasonable." *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2002) (internal citations and quotation marks omitted). "The reasonableness of the fear must be determined in the political, social and cultural milieu of the place where the petitioner lived, and even a ten percent chance of persecution may

establish a well-founded fear." *Khup v. Ashcroft,* 376 F.3d 898, 904 (9th Cir.2004) (internal citations and quotation marks omitted); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) (holding that even a ten percent chance of persecution may establish a well-founded fear).

■ In testifying credibly about his fear, Salari has satisfied the subjective component of the well-founded fear test. *See Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998). Salari has also demonstrated that his fear is objectively reasonable. First, State Department Country Reports in the record indicate that arbitrary arrest, detention, and beatings are routine in Iran and that religious minorities not recognized by the constitution of Iran are persecuted.[1] Because of the overall conditions in Iran, the level of individualized targeting that Salari must show is comparatively low. *See Hoxha,* 319 F.3d at 1182–83.

Salari has demonstrated a sufficiently individualized risk to compel a finding in his favor. He testified that he suffered arrests, beatings, and arbitrary detention in part because of his religious beliefs. Even if this past harm were not sufficient to demonstrate past persecution, it does demonstrate the reasonableness of Salari's fear of future persecution. *See Hoxha,* 319 F.3d at 1184; *Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002). Moreover, just before fleeing Iran, Salari received a summons from the Revolutionary Guard—the same governmental branch responsible for

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Notably, we recognized in a recent case that "security forces [in Iran] continue to torture detainees and prisoners," *see Jahed v. INS,* 356 F.3d 991, 1000 (9th Cir.2004), while the

Seventh Circuit concluded over a decade ago that Iran persecutes apostates. *See Bastanipour v. INS,* 980 F.2d 1129, 1133 (7th Cir. 1992) ("[I]n Iran people receive temporal punishment, including death, for violating the tenets of Islamic law; and apostasy from Islam is indeed a capital offense under that law.").

his earlier detainments, interrogations, and beatings. The BIA's conclusion that Salari was not at future risk because the Iranian government may have had "other reasonable explanations" for summoning Salari is pure speculation. *Cf. Hoxha,* 319 F.3d at 1184 (holding applicant's fear objectively reasonable when a government summons indicated that the government was interested in the applicant). Finally, since Salari left Iran, the government has questioned his father twice, searched his home, examined Salari's property, and inquired as to his whereabouts. Any reasonable person in Salari's situation would fear returning to Iran.

For the foregoing reasons, we **GRANT** the petition and find Salari statutorily eligible for asylum. We **REMAND** solely for an exercise of statutory discretion.[2]

**2.** Salari does not seek review of the IJ's withholding determination but asks only that if we fail to find him eligible for asylum we remand for the purposes of a redetermination of eligibility for asylum and withholding. Because we find Salari eligible for asylum, his condi-

tional request regarding withholding does not become effective and thus we need not address it.

